IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

**BILLY DEAN BATTENFIELD,**

    **Petitioner,**

    vs.                        Civ. No. 02-0266 MCA/LCS

**ERASMO BRAVO, et al.,**

    **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody Filed March 8, 2002 *(Doc. 1)*, Petitioner's Request for Counsel Filed March 21, 2002 *(Doc. 9),* Petitioner's Motion for the Appointment of Counsel Filed April 26, 2002 *(Doc. 15)*, Respondent's Motion to Dismiss Filed April 17, 2002 *(Doc. 10)*, Petitioner's Response to Respondent's Motion to Dismiss Filed May 21, 2002 *(Doc. 18)*,Respondent's Reply Filed June 12, 2002 *(Doc. 19)* and Petitioner's Motion for Evidentiary Hearing Filed June 20, 2002 *(Doc. 20)*. Because Petitioner filed his Application after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), its standards apply to this case. *See, e.g., Sallahdin v. Gibson*, 275 F.3d 1211, 1221 (10th Cir. 2002). All of the issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *See, e.g., Trice v. Ward*, 196 F. 3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000); Rule 8(a), Rules Governing Habeas Corpus Under Section 2254. The Court,

having considered the submissions of the parties, record, relevant law, and being otherwise fully informed makes the following proposed findings:

## PROPOSED FINDINGS

1.      Petitioner is currently incarcerated and proceeding pro se and *in forma pauperis*. Petitioner is confined pursuant to a Judgment and Sentence filed November 3, 1978 in *New Mexico v. Battenfield*, CR 78-00118. Answer Ex. A. Petitioner pled guilty to second decree murder, and was sentenced to be confined for a period of not less than ten (10) years nor more than fifty (50) years. *Id*. On February 17, 1982, Petitioner escaped from the Central New Mexico Correctional Facility in Los Lunas, New Mexico. Answer Ex. B. Petitioner was thereafter arrested in California, and on August 15, 1983, pled guilty to a felony charge, for which he received a three-year term of confinement. *Id*. The State of New Mexico filed a detainer against the Petitioner while he was confined in California, as did the State of Texas. *Id*. On July 17, 1985, after Petitioner was paroled by California, he was transported to Texas, where he was confined pursuant to a Judgment entered on his guilty plea for murder and resulting sentence of fifty years. Answer Ex. J. Petitioner unsuccessfully sought to be returned to New Mexico during his confinements in both California and Texas. Answer Ex. B. A New Mexico escape charge against the Petitioner was dismissed. *Id*. After Petitioner was released from confinement in Texas, he was transported to New Mexico to complete his sentence. *Id*. Upon his return to New Mexico, Petitioner challenged the failure of the New Mexico Corrections Department to credit his New Mexico sentence for the seventeen years, four months, and nine days of confinement in California and Texas, served pursuant to the unrelated California and Texas convictions. *Id*. Petitioner filed a petition for writ of habeas corpus in the Fourth Judicial District of New Mexico

on January 4, 2001. Answer Ex. B. In his petition, Petitioner argued that he was only "at large" for the thirteen-month period after his escape and prior to his arrest in California. *Id*. Petitioner additionally argued that the New Mexico Corrections Department had incorrectly failed to credit his New Mexico sentence for the seventeen years, four months, and nine days of confinement in California and Texas. *Id*. Petitioner finally argued that he was denied due process and equal protection of the law when the New Mexico Department of Corrections allegedly forfeited six years, six months, and sixteen days of meritorious good time pursuant to a change in the law, which Petitioner claimed was applied retroactively. *Id*. The Fourth Judicial District Court found that an evidentiary hearing was not required and dismissed the petition for writ of habeas corpus on April 18, 2001. Answer Ex. F. Petitioner thereafter petitioned the Supreme Court of the State of New Mexico for writ of certiorari on May 16, 2001. Answer Ex. G. The New Mexico Supreme Court denied Petitioner's petition for writ of certiorari on July 18, 2001. Answer Ex. I. The parties agree that Petitioner has exhausted his claims in state court. Answer.

2. Petitioner's claims essentially mirror the claims he raised in his state habeas and certiorari petitions. Pet. App. at 6-8. Petitioner claims that the State of New Mexico erred in refusing to credit his New Mexico sentence for the over seventeen-year period of confinement in other states on unrelated charges, and further claims that this refusal violated his rights under the Fourteenth Amendment to the United States Constitution. *Id*. In his Response, Petitioner additionally raises the claim that he was denied due process and equal protection of the law when the New Mexico Corrections Department "forfeited 6 years, 6 months, and 16 days meritorious good time awarded Petitioner" in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Pet. Response. In his Application for a Writ of Habeas Corpus Pursuant to 28

3

U.S.C. § 2254 by a Person in State Custody, Petitioner states that his application "is not a collateral attack upon the sentence but upon the denial of good time and denial of good time served in other states." Pet. App. at 2.

3. Pursuant to 28 U.S.C. § 2254(a), Petitioner may only obtain federal habeas relief on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

4. Because Petitioner filed his federal habeas petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA ), the provisions of that law apply. *See Saiz v. Burnett*, __ F.3d __, 2002 U.S. App. LEXIS 14773, *6-7 (10th Cir. July 23, 2002). Under the AEDPA, a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state court unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision "is 'contrary to' clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts." *Saiz*, 2002 U.S. App. LEXIS 14773 at *7 (citing *Penry v. Johnson*, 532 U.S. 782, 792-793 (2001)) (internal citation omitted )). A state court decision is an "unreasonable application" of federal law if the state court identifies the correct governing legal principle from the Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Saiz*, 2002 U.S. App. LEXIS 14773 at *7-8; *Penry v. Johnson*, 532 U.S. at 792 (quoting *Williams v. Taylor*, 529 U.S. 362, 404-406 (2000)). "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's

4

application of clearly established federal law was objectively unreasonable." *Id*. Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Id*. In sum, the AEDPA bars a federal habeas court from granting relief unless the state court decision involves either 1) application of an incorrect legal standard or principle; or 2) an objectively unreasonable application of the correct legal standard or principle. *Saiz*, 2002 U.S. App. LEXIS 14773 at *8. Respondents ask that Petitioner's application be dismissed, arguing that Petitioner has failed to state a claim cognizable under 28 U.S.C. § 2254.

5. A review of the Order Dismissing Petition for Writ of Habeas Corpus filed April 18, 2001 (Answer Ex. F) and the Order denying Petition for Writ of Certiorari Filed July 18, 2001 (Answer Ex. I) suggests that Petitioner's state claims were disposed of on the merits. See, e.g., *Van Woudenberg v. Gibson,* 211 F.3d 560, 569 (10th Cir. 2002), *cert. denied,* 531 U.S. 1161 (2001) (noting that "while its treatment of the issue was cursory, the state court indicated it was disposing of the claim on the merits"); *Aycox v. Lytle,* 196 F.3d 1174, 1177 (10th Cir. 1999) (holding that summary decision can constitute adjudication on the merits if decision was reached on substantive rather than procedural grounds).This Court must uphold the New Mexico Supreme Court decision if it is not contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence presented. *Van Woudenberg v. Gibson*, 211 F.3d at 569 (citing *Aycox*, 196 F.3d at 1178). This Court owes deference to the state court's result, even if its reasoning is not expressly stated. *Id.*

6. Federal habeas corpus relief does not lie for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (citing *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)). This Court may not

"reexamine state-court determinations on state-law questions"; rather, this Court is limited to deciding whether a conviction [or sentence] violated the Constitution, laws, or treaties of the United States. *Estelle*, 502 U.S. at 68 (citing 28 U. S. C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975)). Petitioner's claims that the New Mexico courts have misinterpreted New Mexico law are thus not cognizable under 28 U.S.C. § 2254, unless such interpretation violates federal law. *See, e.g., Rael v. Sullivan*, 918 F.2d 874, 877 (10th Cir. 1990), *cert. denied*, 499 U.S. 928 (1991) (wherein the Tenth Circuit rejected the argument that the misinterpretation of New Mexico law by the New Mexico courts formed a basis for federal habeas relief). Moreover, "mere error of state law" does not constitute a denial of due process. *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) (citing *Gryger v. Burke*, 334 U.S. 728, 731 (1948)). This Court will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law. *Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994), *cert. denied,* 513 U.S. 926 (1994). If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. *Engle v. Isaac*, 456 U.S. 107, 121 n. 19 (1982).

### A. Refusal to Credit New Mexico Sentence for Time Served in Other States

7.  Petitioner claims that Respondent violated his constitutional right to due process by refusing to credit his New Mexico sentence for time served on unrelated convictions in California and Texas. This Court must initially determine whether New Mexico's action resulted in incarceration in violation of its own laws or in a process which was fundamentally unfair. *Aycox v. Lytle*, 196 F.3d 1174, 1179 (10th Cir. 1999) (citing *Vasquez v. Cooper*, 862 F.2d 250, 254 (10th Cir. 1988) (rejecting state inmate's habeas claim seeking credit for presentence incarceration on due process grounds where denial of credit did not result in a sentence which exceeded the

permitted range under state law and procedure was not fundamentally unfair)). If the State of New Mexico has violated its own laws, Petitioner must show that the alleged violation of state law denied him due process under the Fifth and Fourteenth Amendments. *Aycox v. Lytle*, 196 F.3d at 1179-1180 (citing *Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980)). The alleged deprivation caused by the failure of the state to follow its own law "must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience." *Aycox* 196 F.3d at 1180 (citing *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 129-30 (1992)).

8.      Petitioner has, however, failed to demonstrate that the failure to credit his New Mexico sentence for time served in other states on unrelated charges violated New Mexico law. The New Mexico Supreme Court has found that "[i]t is axiomatic that [an inmate] could not earn actual *or* good time credit on his New Mexico sentence for confinement which was unrelated to his New Mexico offense." *Caristo v. Sullivan*, 112 N.M. 623, 632, 818 P.2d 401, 410 (N.M. 1991) (italics in original)(internal citation omitted). In *Caristo*, the New Mexico Supreme Court found that the Petitioner, who challenged the failure of the New Mexico Corrections Department to credit his New Mexico sentence for time served in a Georgia prison on unrelated charges, subsequent to his escape from New Mexico custody, was not entitled to credit for time served in another state. *Id.*

The facts in the instant case are strikingly similar to the facts in *Aycox v. Lytle,* wherein the Tenth Circuit specifically addressed the question of whether a petitioner stated a cognizable claim pursuant to 28 U.S.C. § 2254 for failure of the State of New Mexico to credit him on his New Mexico sentence for time served in California following his escape from a New Mexico correctional facility. *See generally, Aycox v. Lytle,* 196 F.3d 1174 (10th Cir. 1999). In *Aycox,*,

7

the petitioner escaped while serving a New Mexico sentence. *Aycox*, 196 F.3c at 1176. While the petitioner was at large, he was arrested in California on New Mexico and California warrants. *Id*. Petitioner was transported to New Mexico to address the pending escape charge, which was dismissed, and was thereafter returned to California, to serve his California sentence. *Id*. The petitioner attempted to obtain extradition to New Mexico, but was unsuccessful. *Id*. After being paroled from his California sentence, the petitioner was returned to New Mexico to complete the remainder of his sentence. *Id*. The petitioner in *Aycox*, like Petitioner in the instant case, sought federal habeas relief, claiming that New Mexico erred in denying him credit on his New Mexico sentence for time served in California. *Aycox*, 196 F.3d at 1776. The Tenth Circuit found that the petitioner in *Aycox* had failed to show a violation of New Mexico law, noting that "[a]n escapee from a New Mexico prison who is incarcerated elsewhere on an unrelated charge is not entitled to earn actual or good time credit on his New Mexico sentence." *Aycox*, 196 F.3d at 1180 (citing *Caristo v. Sullivan,* 112 N.M. 623, 818 P.2d 401, 410 (N.M. 1991)).

Because this Court may not examine Petitioner's claims that the New Mexico courts have misinterpreted New Mexico law, Petitioner has failed to state a cognizable claim under 28 U.S.C. § 2254. *See, e.g., Rael v. Sullivan*, 918 F.2d 874, 877 (10th Cir. 1990), *cert. denied*, 499 U.S. 928 (1991) (wherein the Tenth Circuit rejected the argument that the misinterpretation of New Mexico law by the New Mexico courts formed a basis for federal habeas relief). Additionally, Petitioner has failed to demonstrate that the failure to credit his New Mexico sentence for time served in other states on unrelated charges denied him due process of law. *See Aycox,* 196 F.3d at 1179-1180. Petitioner has failed to demonstrate that the alleged deprivation was "arbitrary in the constitutional sense." *Id*. Moreover, Petitioner's allegations have failed to "shock the judicial
8

conscience." *Id*. Petitioner has thus failed to state a cognizable claim under 28 U.S.C. § 2254, and is not entitled to federal habeas relief.

### B. Alleged Forfeiture of Meritorious Good Time

9. In his Response to the Respondent's Motion to Dismiss, Petitioner further alleges that the Respondent has erred by causing him to forfeit six years, six months, and sixteen days of meritorious good time. Response. This issue was not raised in Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody Filed March 8, 2002 *(Doc. 1)*. Rule 2(c) of the Rules Governing Section 2254 Cases provides that a petition pursuant to 28 U.S.C. § 2254 is "shall specify *all* the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge." (emphasis supplied). Because this claim was not raised in his Petition, Petitioner's claim is not properly before the Court. Nevertheless, a review of this claim on the merits indicates that it is without legal or factual basis.

Petitioner claims that on October 18, 1979 he was awarded seven years, two months, and twenty one days good time. Answer Ex. B. He further claims that on June 30, 1981, the New Mexico Department of Corrections forfeited six years, six months, and seventeen days meritorious good time "for an alleged adjustment of meritorious good time per new law." *Id*. In support of his contentions, Petitioner attached a document titled "New Mexico Corrections Department Good Time Figuring Sheet" to his Petition. *See* Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody Filed March 8, 2002 *(Doc. 1)*. The first entry on this sheet, dated October 18, 1979, reads "On MGT by Recommendation" and the notation "07-02-21" under the column labeled "Additional Credits." *Id*. The third entry, dated

9

June 30, 1981 reads "Adjust MGT per New Law" followed by the notation "06-06-16" under the column labeled "Credits Forfeited." *Id*. Petitioner claims these notations indicate an impermissible forfeiture of meritorious good time, in violation of the United States Constitution. Petitioner relies upon N.M. Stat. Ann. §42-1-57 (1953) [1] to support his claim of improper forfeiture of meritorious good time.[2]

However, Petitioner's claims involve a change in the method of recording meritorious good time, rather than an actual forfeiture of meritorious good time earned pursuant to N.M. Stat. Ann. §§ 42-1-55 (1953 & Supp. 1975) and 42-1-57 (1953).[3]

As Respondent explained in it's Amended Response to Petitioner's state habeas petition:

At the time that Petitioner was convicted, inmates were provided with a "the maximum amount of meritorious good time an inmate *could* earn if he followed the rules and engaged in full-time programming. This credit was in addition to that conferred as a matter of right under §42-1-54, NMSA 1953, referred to as 'State Time.' The prior figure was then posted to the inmate's good time figuring sheet. Here that amount is posted in first entry notation as, '07-02-01.' The credit

---

[1] N.M. Stat. Ann. § 42-1-57 (1953) provided in pertinent part that "[a]ny accrued deductions may be forfeited by the convict for any major conduct violation upon the recommendation of the classification committee, approval by the warden, and final approval of the board of penitentiary commissioners."

[2] In his Response, Petitioner state that "the laws in effect at that time concerning forfeiture of meritorious good time was [*sic*] 1941 Comp. § 45-157 [*sic*], forfeiture of earned deduction." Pet. Response. However, it appears that Petitioner is actually referring to N.M. Stat. Ann. § 42-1-57 (1953). The language recited by Petitioner in his Response appears to be an excerpt of N.M. Stat. Ann. § 42-1-57 (1941). This section, as amended in 1957, was the statute in effect at the time that Petitioner was sentenced in 1978.

[3] N.M. Stat. Ann. § 42-1-55(A)(1953 & Supp. 1975) provides, in pertinent part: "Any convict confined in a penitentiary of New Mexico . . . may be awarded an additional deduction of twelve [12] days' meritorious good time per month based on exemplary conduct, outstanding work, and continuing effort toward self-improvement and rehabilitation, upon recommendation of the classification committee and approval of the warden . . ."

> of seven years, two months, and twenty-one days was not earned but *projected* and posted under §42-1-55, NMSA 1953 to show much credit *could be* earned over the entire sentence assuming the inmate never paroled.

Answer Ex. E (emphasis in original). The alleged forfeiture was actually thus a reflection of a change in the law which required that the Department of Corrections quarterly good-time reports reflect the *actual* good-time credits earned, rather than the potential or projected amounts of good-time which could be earned. *Id*. The notation of Petitioner's good-time figuring sheet, dated June 30, 1981 which read "Adjust MGT per New Law" followed by the notation "06-06-16" under the column labeled "Credits Forfeited" did thus not represent an actual forfeiture of good time. Moreover, Petitioner has failed to demonstrate any factual grounds for having accrued seven years, two months, and one day of meritorious good time pursuant to N.M. Stat. Ann. § 42-1-55 (1953)[4] by October 18, 1979, only some eleven months after Petitioner was sentenced. Petitioner's claim that Respondent caused him to forfeit six years, six months, and sixteen days of meritorious good time in violation of the laws of New Mexico and in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution thus has no apparent factual or legal basis and is not cognizable claim under 28 U.S.C. § 2254.

### C. Alleged Waiver of Jurisdiction Over Petitioner by New Mexico

10.     Petitioner relies upon *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967), arguing that the State of New Mexico "waved any right that it may have to punish him." Pet. Response. Petitioner claims that the exercise of jurisdiction over him by the State of New Mexico after this alleged waiver constituted a denial of due process and equal protection in violation of the Fourteenth

---

[4] As previously noted, this statute, provided for a maximum of twelve [12] days of meritorious good time per month. *See* N.M. Stat. Ann. § 42-1-55 (1975).

Amended to the United States Constitution. *Id*. However, Petitioner's reliance upon *Shields* is misplaced. *Shields* dealt specifically with a delay in execution of sentence of over 28 years, after the State of Texas surrendered the petitioner to Louisiana, another sovereign state, and "showed no interest in the return of the prisoner, either by agreement between the Sovereigns, by detainer, or other affirmative action taken by it following [the petitioner's] release in Louisiana." *Shields*, 370 F.2d at 1005-6. The petitioner in *Shields* was convicted in Texas in 1933 and sentenced to a term of twenty years' imprisonment to run consecutively to two ten-year consecutive sentences imposed pursuant to two previous convictions. *Id*. at 1003. After serving a little over one year of his forty-year sentence, the petitioner had been granted a 60-day "furlough" by the State of Texas. *Id*. at 1004. Instead of taking the furlough, the petitioner signed a waiver of extradition and began serving time in Louisiana. *Id*. at 1004. The petitioner was thereafter paroled from Louisiana in 1944, and was released from parole supervision in 1948. *Id*. The petitioner remained at large until 1960, when he was convicted on another charge in Texas. *Shields*, 370 F.2d at 1004. After serving two years, the *Shields* petitioner was paroled. *Id*. Only after the petitioner was convicted of another offense in Texas in 1962, did a Texas court seek to require that the petitioner serve the remainder of the sentence from his 1933 conviction. *Shields*, 370 F.2d at 1003. The Court in *Shields* found that the extradition of the petitioner to Louisiana, the release by Texas of the prisoner before the expiration of his sentence, and the lapse of more than 28 years "was equivalent to a pardon or commutation of [the prisoner's] sentence" which constituted a "waiver of jurisdiction" over the prisoner. *Id*. at 1005-06. This case may be clearly distinguished from *Shields*. Petitioner in the case at bar escaped from the custody of the State of New Mexico, he was not released or "furloughed." Answer Ex. B. In addition, New Mexico

lodged a detainer while Petitioner was incarcerated in California, and took action to obtain the return of the Petitioner to New Mexico, following Petitioner's release from Texas. *Id*. The State of New Mexico thus never evinced any lack of interest in Petitioner, nor has New Mexico demonstrated its waiver of jurisdiction over Petitioner. Because there is no evidence to suggest that the State of New Mexico may have waived jurisdiction over the Petitioner, Petitioner has failed to state a due process claim under the Fourteenth Amendment to the United States Constitution.

11. Petitioner has failed to state a cognizable claim under 28 U.S.C. § 2254. This Court has determined that New Mexico's action has not resulted in incarceration in violation of its own laws, nor in a process which was fundamentally unfair. *See Aycox*, 196 F.3d at 1179. Petitioner has also failed to demonstrate that the alleged violation of state law denied him due process under the Fifth and Fourteenth Amendments to the United States Constitution. *Aycox*, 196 F.3d at 1179-1180 (citing *Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980)); *see also Engle v. Isaac*, 456 U.S. 107, 121 N.21 (1982)(citing *Gryger v. Burke*, 334 U.S. 728, 731 (1948))(mere error of stat law does not constitute a denial of due process). The alleged failure of New Mexico to follow its own law is not "arbitrary in the constitutional sense" and does not "shock the judicial conscience." *Aycox*, 196 F.3d at 1180 (citing *Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 1129-130 (1992)).

In addition, an examination of the state court decision does not indicate that the state court adjudication "resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United State. 28 U.S.C. § 2254(d)(1). Because the state court decision did not involve either an

application of an incorrect legal standard or principle, or an objectively unreasonable application of the correct legal standard or principal of federal law, this Court is barred from granting habeas relief. *Saiz*, 2002 U.S. App. LEXIS 14773 at *8. Plaintiff has thus failed to state a cognizable claim under 28 U.S.C. § 2254 and is not entitled to federal habeas relief. Respondent's Motion to Dismiss Filed April 17, 2002 *(Doc. 18)* is well taken and should be GRANTED; Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody Filed March 8, 2002 *(Doc. 1)*, Petitioner's Request for Counsel Filed March 21, 2002 *(Doc. 9),* Petitioner's Motion for the Appointment of Counsel Filed April 26, 2002 *(Doc. 15)*, and Petitioner's Motion for Evidentiary Hearing Filed June 20, 2002 *(Doc. 20)* should be DISMISSED.

## **RECOMMENDED DISPOSITION**

I recommend GRANTING Respondent's Motion to Dismiss Filed April 17, 2002 *(Doc. 18)*; and DISMISSING Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody Filed March 8, 2002 *(Doc. 1)*, Petitioner's Request for Counsel Filed March 21, 2002 *(Doc. 9),* Petitioner's Motion for the Appointment of Counsel Filed April 26, 2002 *(Doc. 15)*, and Petitioner's Motion for Evidentiary Hearing Filed June 20, 2002 *(Doc. 20)*. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such

proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**